**HIFI DNA TECH LLC, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, United States Food & Drug Administration, Kathleen Sebelius, Sec. of U.S. Health and Svcs., Margaret Hamburg, Comm. of U.S. Food & Drug Admin., Defendants–Appellees.**

No. 09–1832–cv.

United States Court of Appeals, Second Circuit.

Dec. 17, 2009.

Anthony J. Musto, Fairfield, CT, for Plaintiff–Appellant.

Drake Cutini, Office of Consumer Litigation, U.S. Department of Justice (Tony West, Ann M. Ravel, Eugene M. Thirolf, Lauren H. Bell, U.S. Department of Justice, David Cade, Michael M. Landa, Eric M. Blumberg, Claudia J. Zuckerman, U.S. Department of Health and Human Services, of counsel), Washington, DC, for Defendants–Appellees.

Present: ROBERT A. KATZMANN, JOSEPH M. McLAUGHLIN and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant HiFi DNA Tech LLC ("HiFi") appeals from the decision of the district court granting Defendants–Appellees' motion for judgment on the pleadings. We assume the parties' familiarity

with the facts and procedural history of the case.

HiFi argues that the district court erred by not allowing HiFi to introduce evidence outside of the administrative record and by concluding that the Food and Drug Administration ("FDA") had not acted arbitrarily and capriciously in denying HiFi's petition to reclassify its medical device. HiFi's argument fails on both counts.

■■■ As an initial matter, HiFi has waived its argument that the district court erred by not allowing HiFi to introduce evidence outside of the administrative record because HiFi never requested to do so in the district court. *See Paese v. Hartford Life Accident Ins. Co.*, 449 F.3d 435, 446–47 (2d Cir.2006) (holding that this Court will not generally consider an issue that was not raised before the district court, particularly when that issue is a factual one). Even if HiFi had raised this argument, the district court would not have abused its discretion in rejecting it. *See Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir.1997) ("Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision."). Record supplementation is only appropriate in certain circumstances, such as where there is bad faith or improper behavior on the part of agency decision-makers. *Id.* Here, HiFi does not allege facts that would support a finding of bad faith or improper behavior.

■■ HiFi's argument on the merits also fails. The FDA's denial of HiFi's petition is reviewed under the Administrative Procedures Act, which requires the court to hold unlawful and set aside agency actions that it finds to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.

§ 706(2)(A). The court's review of a scientific determination is particularly deferential. *Envtl. Def. v. U.S. EPA*, 369 F.3d 193, 204 (2d Cir.2004). HiFi argues principally that the FDA acted arbitrarily and capriciously by reviewing HiFi's device as a cancer-detection device instead of a virus-detection device. Based on the intended uses for the device as defined by HiFi in their application to the FDA, however, the FDA reasonably determined that the device was meant to inform a clinician's medical assessment of a woman's risk of developing cervical cancer and therefore reasonably evaluated the device with respect to that use. HiFi also argues that the FDA arbitrarily and capriciously denied its petition because its device, when combined with DNA sequencing, outperformed the FDA's currently approved device because it detected more cases of the virus. But, as defendants-appellees point out, there is no basis for assuming that HiFi's device's results were correct and the other device's results were not.

We have considered the remainder of HiFi's arguments that the FDA acted arbitrarily and capriciously and conclude that they lack merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**